**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 01-CV-1536 (JEL/JGL)** |
| **JEFFREY A. MUNGER, VICTORIA L. MUNGER, and MINNESOTA DEPT. OF REVENUE,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Upon due consideration of the Stipulation to Amend Complaint to Add Bruce K. Hoyt As a Necessary Party under Federal Rule of Civil Procedure 19(a) ("Stipulation") and the record in this case,

**IT IS HEREBY ORDERED** that the Stipulation is **APPROVED;**

**IT IS FURTHER ORDERED** that the Amended Complaint shall be deemed to have been filed as of the date of entry of this Order;

**IT IS FURTHER ORDERED** that the defendants shall have twenty (30) days from the date of entry of this Order to respond to the Amended Complaint; and

**IT IS FURTHER ORDERED** that the United States shall serve Mr. Hoyt with a summons

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and amended complaint within ten days of the entry of this order.

Entered this 21 day of Oct., 2002.

JONATHAN G. LEBEDOFF
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEFFREY A. MUNGER,**<br>**VICTORIA L. MUNGER, and**<br>**MINNESOTA DEPT. OF REVENUE,**<br><br>**Defendants.** | ) | **Case No. 01-CV-1536 (JEL/JGL)** |

**STIPULATION TO AMEND COMPLAINT TO ADD BRUCE K. HOYT**
**AS A NECESSARY PARTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 19(a)**

The United States and the defendants, by their undersigned attorneys, enter into this Stipulation to Amend Complaint and to add Bruce K. Hoyt as a party.

The United States filed its original complaint on August 22, 2001. The defendants filed their answer on October 26, 2001. The United States and the defendants agree that Bruce K. Hoyt is listed as the record owner of the property at issue in this case, located at 6002 West 106th Street, Bloomington, Minnesota and described as: Lot Three (3), Block One (1), Stagecoach Hill Addition, Hennepin County, Minnesota. The defendants claim that Jeffrey and Victoria Munger are the joint fee owners of the property at issue, but are not currently on record as the property owners. *See* attached Exhibit 1, Copy of Hennepin County Assessor's records; Exhibit 2, Appraisal dated January 8, 2002. Therefore, the parties[1] agree that

[1] The Minnesota Department of Revenue (MDOR) has stated that it will not file an answer in this case, and a motion for default judgment is currently before the Court. In fact, we submitted the declaration of Thomas K. Overton on behalf of MDOR dated September 25, 2002 to the Court declaring that MDOR does not object to the entry of default judgment against itself. *See* docket no.
(continued...)

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Bruce K. Hoyt is a necessary party to his lawsuit and should be added as a party. *See generally* Fed. R. Civ. P. 15 and 19(a). The complaint shall be amended to reflect Bruce K. Hoyt as a party, the amendment shall relate back to the date of the original answer, and the United States shall serve Mr. Hoyt with a summons and amended complaint. The proposed amended complaint is attached to this stipulation.

A proposed order is submitted herewith.

**SO STIPULATED**

THOMAS B. HEFFELFINGER
United States Attorney

KATJA M. EICHINGER
Tax Division, U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0170
Fax: (202) 514-6770
D.C. Bar No. 464925

Dated: 10-16-02.

NEAL SHAPIRO
1200 Colonnade
5500 Wayzata Blvd
Minneapolis, MN 55416
Telephone: (763) 546-1200
# 99715

Dated: 10/17/02.

---

[1](...continued)
28. References to MDOR have been removed from the proposed amended complaint. A default judgment was entered against Mark Wersal on January 18, 2002. *See* docket nos. 14 and 15. References to Mark Wersal have been removed from the proposed amended complaint.

# EXHIBIT 1

Search Tips

## Property Information Search Result

*The Hennepin County Property Tax web database is updated daily (Monday - Friday) at approximately 9:15 p.m. (CST)*

Search By:
- Property ID
- Address
- Addition Name

Property ID: 3211621410024

Search Clear

## Parcel Data for Taxes Payable 2002

View Map | Taxes Due | Payment Options

| | | | |
|---|---|---|---|
| **Property ID:** | **32-116-21-41-0024** | | |
| **Address:** | **6000 106TH ST W** | | |
| **Municipality:** | **BLOOMINGTON** | | |
| **School Dist:** | 271 | **Construction year:** | 1970 |
| **Watershed:** | 2 | **Parcel Size:** | 122 X 1 |
| **Sewer Dist:** | | | |
| **Owner Name:** | BRUCE K HOYT ETAL | | |
| **Taxpayer Name & Address:** | JEFFREY MUNGER<br>6002 W 106TH ST<br>BLOOMINGTON MN 55438 | | |

## Most Current Sales Information

**Sales prices are reported as listed on the Certificate of Real Estate Value and warranted to represent arms-length transactions.**

| | |
|---|---|
| **Sale Date:** | June, 1975 |
| **Sale Price:** | $83,500 |
| **Transaction Type:** | |

## Tax Parcel Description

| | |
|---|---|
| **Addition Name:** | STAGECOACH HILL |
| **Lot:** | 003 |
| **Block:** | 001 |
| **Metes & Bounds:** | |

## Value and Tax Summary for Taxes Payable 2002
### Values Established by Assessor as of January 2, 2001

| | |
|---|---|
| **Estimated Market Value:** | $267,500 |
| **Limited Market Value:** | $215,900 |
| **Taxable Market Value:** | $215,900 |
| **Total Improvement Amount:** | |
| **Total Net Tax:** | $2,417.91 |
| **Total Special Assessments:** | |
| **Solid Waste Fee:** | $41.15 |
| **Total Tax:** | $2,459.06 |

PENGAD-Bayonne, N. J. GOVERNMENT EXHIBIT 1

## Property Information Detail for Taxes Payable 2002
## Values Established by Assessor as of January 2, 2001

**Values:**

| | |
|---|---|
| **Land Market** | $61,500 |
| **Building Market** | $206,000 |
| **Machinery Market** | |
| **Total Market:** | $267,500 |
| **Land Limited** | $49,600 |
| **Building Limited** | $166,300 |
| **Total Limited:** | $215,900 |
| **Qualifying Improvements** | |

**Classifications:**

| | |
|---|---|
| **Property Type** | RESIDENTIAL-TWO UNIT |
| **Homestead Status** | HOMESTEAD |
| **Relative Homestead** | |
| **Agricultural** | |
| **Exempt Status** | |

*2347*

Hennepin County is providing this information as a public service.

Have a tax related question? Send e-mail to taxinfo@co.hennepin.mn.us

Experience a problem searching database, have a technical question or wish to co Hennepin County Tax web site? Send e-mail to Don.Kopel@co.hennepin mn.us

Have a comment on any of Hennepin County's web sites or E-Commerce applicati e-mail to Henn.Net@co.hennepin.mn.us

Home | Services | Taxpayer Services | Assessor's Dept. | Mai

Copyright © 1998 - 2001 Hennepin County

# EXHIBIT 2

File Numbers

212364

# THE APPRAISAL GROUP, LTD

APPRAISAL
WHEN
PROMISED
· GUARANTEED ·

APPRAISAL OF: Multi Family Dwelling

LOCATED AT: 6000 West 106th Street
Bloomington, MN 55438

FOR: Bernick & Lifson, PA
5500 Wayzata Boulevard, #1200
Minneapolis, MN 55416

BORROWER: N/A

AS OF: January 8, 2002

BY: John T. Holm

PENGAD-Bayonne, N. J.
GOVERNMENT EXHIBIT 2

Decatur Business Center, 701 Decatur Avenue North, Suite 205B, Golden Valley, MN 55427 (752) 545-0690; Fax: (752) 543-3880

The Appraisal Group, LTD
Real Estate Appraisers and Consultants

File No. 212364

February 8, 2002

Attn: Saul Bernick

Bernick & Lifson, PA
5500 Wayzata Boulevard, #1200
Minneapolis, MN 55416

File Number: 212364

Dear Mr. Bernick:

In accordance with your request, I have personally inspected and appraised the real property at:

6000 West 106th Street
Bloomington, MN 55438

The purpose of this appraisal is to estimate the market value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the estimated market value of the property as of January 8, 2002 is:

$225,000
Two Hundred Twenty-Five Thousand Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final estimate of value, descriptive photographs, limiting conditions and appropriate certifications.

Sincerely,

John T. Holm

# SMALL RESIDENTIAL INCOME APPRAISAL REPORT

212364

**SUBJECT**

Property Address 6000 West 106th Street City Bloomington State MN Zip Code 55438
Legal Description Lot 3, Block 1, Stagecoach Hill Addition County Hennepin
Assessor's Parcel No. 3211621410024 Tax Year 2001 R.E. Taxes $3,124 Special Assessments $ N/A
Neighborhood or Project Name N/A Map Reference E1 147 Census Tract 259.03
Borrower N/A Current Owner Bruce Hoyt Occupant: [ ] Owner [ ] Tenant [ ] Vacant
Property rights appraised [X] Fee Simple [ ] Leasehold Project Type [ ] PUD [ ] Condominium HOA$ 0.00 /Mo.
Sales Price $ N/A Date of Sale N/A Description and $ amount of loan charges/concessions to be paid by seller N/A
Lender/Client Bernick & Lifson, PA Address 5500 Wayzata Boulevard, #1200, Minneapolis, MN 55416
Appraiser John T. Holm Address 701 Decatur Avenue North, Suite 205B, Minneapolis, MN 55427

**NEIGHBORHOOD**

| | | | | |
|---|---|---|---|---|
| Location | [ ] Urban | [X] Suburban | [ ] Rural | |
| Built up | [X] Over 75% | [ ] 25-75% | [ ] Under 25% | |
| Growth rate | [ ] Rapid | [X] Stable | [ ] Slow | |
| Property values | [ ] Increasing | [X] Stable | [ ] Declining | |
| Demand/supply | [ ] Shortage | [X] In balance | [ ] Over supply | |
| Marketing time | [X] Under 3 mos. | [ ] 3-6 mos. | [ ] Over 6 mos. | |

| Predominant Single Family Occupancy | Single family housing PRICE $ (000) | AGE (yrs) | Predominant 2-4 Family Occupancy | 2-4 family housing PRICE $ (000) | AGE (yrs) |
|---|---|---|---|---|---|
| [X] Owner | 150 Low | New | [X] Owner | 200 Low | 15 |
| [ ] Tenant | 700 High | 80 | [ ] Tenant | 400 High | 80 |
| [X] Vacant (0-5%) | Predominant | | [X] Vacant (0-5%) | Predominant | |
| [ ] Vacant (over 5%) | 250 | 20 | [ ] Vacant (over 5%) | 300 | 25 |

Typical 2-4 family bldg. Type Detached No. stories 2 No. units 2 Age 25 yrs.
Typical rents $ 750 to $ 2,000 [ ] Increasing [X] Stable [ ] Declining
Est. neighborhood apt. vacancy 2 % [ ] Increasing [X] Stable [ ] Declining
Rent controls [ ] Yes [X] No [ ] Likely If yes or likely, describe

| Present land use % | |
|---|---|
| One family | 90% |
| 2-4 family | 1% |
| Multi-family | 4% |
| Commercial | 5% |

Land use change: [X] Not likely [ ] Likely [ ] In process to

**Note: Race and the racial composition of the neighborhood are not appraisal factors.**

Neighborhood boundaries and characteristics The subject neighborhood is generally bounded by the city borders to the north, west and south and by France Avenue to the east.

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.): The subject is located in the a southwestern portion of the City of Bloomington approximately 10 miles south of "downtown" Minneapolis. The area is generally improved with single family dwellings along with a few 2 family dwellings, multi family structures and supporting commercial improvements. The area is conveniently located to all supporting facilities including shopping, schoos, recreation and employment.

The following available listings represent the most current, similar, and proximate competitive properties to the subject property in the subject neighborhood. This analysis is intended to evaluate the inventory currently on the market competing with the subject property in the subject neighborhood and recent price and marketing time trends affecting the subject property. (Listings outside the subject neighborhood are not considered applicable). The listing comparables can be the rental or sale comparables if they are currently for sale.

| ITEM | SUBJECT | COMPARABLE LISTING NO. 1 | COMPARABLE LISTING NO. 2 | COMPARABLE LISTING NO. 3 |
|---|---|---|---|---|
| Address | 6000 West 106th Street Bloomington | 1920 East 87th Street Bloomington | 5128 Richmond Drive Edina | 9410 Nicollet Avenue South Bloomington |
| Proximity to subject | | 5 Miles Northeast | 8 Miles Northwest | 5 Miles Northeast |
| Listing price | $ | [X] Unf. [ ] Furn. $ 239,000 | [X] Unf. [ ] Furn. $ 329,000 | [X] Unf. [ ] Furn. $ 495,000 |
| Approximate GBA | 3604 | 2973 | 2600 +/- | 4164 |
| Data source | Inspection | Multiple Listing Service | Multiple Listing Service | Multiple Listing Service |
| # Units/Tot. rms./BR/BA | 2; 14; 6; 3.00 | 2; 10; 4; 2.00 | 2; 14; 4; 2.00 | 2; 14; 8; 4.00 |
| Approximate year built | 1970 | 1930 | 1950 | 2001 |
| Aprox. days on market | N/A | 76 | 58 | 127 |

Comparison of listings to subject property: Few duplex style listings were found. Listing 1 and 3 are located in less desirable locations and listing 2 is located in a more desirable location. Listings 1 and 2 are older dwellings and listing 3 is new construction.

Market conditions that affect 2-4 family properties in the subject neighborhood (including the above neighborhood indicators of growth rate, property values, demand/supply, and marketing time) and the prevalence and impact in the subject market area regarding loan discounts, interest buydowns and concessions, and identification of trends in listing prices, average days on market and any change over the past year, etc.: The subject neighborhood has recently seen relatively stable property values. Rental income and expenses have also remained relatively stable to slightly increasing. Supply and demand appear to be in balance with marketing times typically under 3 months for duplex style dwellings. Conventional and FHA/VA financing is readily available at rates purchasers consider favorable. Sales concessions are not common to the area.

**SITE**

Dimensions 122 X 141.24
Site area 17231 Sq.Ft. Corner Lot [X] No [ ] Yes
Specific zoning classification and description R-1 Single Family Residential
Zoning compliance [X] Legal [ ] Legal nonconforming (Grandfathered use) [ ] Illegal [ ] No zoning
Highest & best use as improved: [X] Present use [ ] Other use (explain)

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private |
|---|---|---|---|---|---|---|
| Electricity | [X] | 100 Amp (2) | Street | Asphalt | [X] | [ ] |
| Gas | [X] | | Curb/gutter | Concrete | [X] | [ ] |
| Water | [X] | | Sidewalk | None | [ ] | [ ] |
| Sanitary sewer | [X] | | Street lights | Electric | [X] | [ ] |
| Storm sewer | [X] | | Alley | None | [ ] | [ ] |

Topography Gently Sloping
Size Typical
Shape Rectangular
Drainage Appears Adequate
View Typical
Landscaping Average
Driveway Asphalt
Apparent easements None Observed
FEMA Special Flood Hazard Area [ ] Yes [X] No
FEMA Zone C Map Date 09/16/1981
FEMA Map No. 275230-0006-B

**COMMENTS**

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning, use, etc.): The site is typical for the area in terms of size and landscaping. The site suffers slightly from its close proximity to railroad tracks located approximately .2 miles to the west. As per the city, two family dwellings are allowed in the subjects R-1 zone with a conditional use permit. The subject reportedly has a conditional use permit as per the city.

# SMALL RESIDENTIAL INCOME APPRAISAL REPORT

212364

**DESCRIPTION OF IMPROVEMENTS**

| General description | | Exterior description (Materials/condition) | | Foundation | | Insulation (R-value if known) | |
|---|---|---|---|---|---|---|---|
| Units/bldgs. | 2 / 1 | Foundation | Concrete Block/Avg. | Slab | No | ☐ Roof | Cncld. |
| Stories | 1 | Exterior walls | Hard Board/Poor | Crawlspace | No | ☐ Ceiling | Cncld. |
| Type (det./att.) | Deatched | Roof surface | Asphalt Shingle/Poor | Sump Pump | None noted | ☐ Walls | Cncld. |
| Design (style) | 1 Story/Side X Side | Gutters & dwnspts. | Aluminum/Fair | Dampness | None noted | ☐ Floor | Cncld. |
| Existing/proposed | Existing | Window type | Csmt/Fair to Average | Settlement | None noted | ☐ None | |
| Under construction | No | Storm sash/Screens | Yes/Fair to Average | Infestation | None noted | Adequacy | Adequate |
| Year Built | 1970 | Manufactured housing* | ☐ Yes ☐ No | Basement | 57 % of 1st floor area | Energy efficient items: | |
| Effective age (yrs.) | 38 | *(Complies with the HUD Manufactured Housing Construction and Safety Standards.) | | Basement finish | 2 family rooms, 2 bedrooms, 2 .5 baths | | |

| Units | Level(s) | Foyer | Living | Dining | Kitchen | Den | Family rm. | Bedrooms | # Baths | Laundry | Other | Sq. ft./unit | Total ☑ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | | 1 | 1 | 1 | | 1 | 3 | 1.5 | X | | 1,802 | 1,802 |
| 1 | 2 | | 1 | 1 | 1 | | 1 | 3 | 1.5 | x | | 1,802 | 1,802 |

Improvements contain: 14 Rooms; 6 Bedroom(s); 3 Bath(s); 3,604 Square feet of GROSS BUILDING AREA

GROSS BUILDING AREA (GBA) IS DEFINED AS THE TOTAL FINISHED AREA (INCLUDING COMMON AREAS) OF THE IMPROVEMENTS BASED UPON EXTERIOR MEASUREMENTS.

| Surfaces (Materials/condition) | | Heating | | Kitchen equip. (# / unit cond.) | | Attic | Car Storage No. Cars 4 | |
|---|---|---|---|---|---|---|---|---|
| Floors | Crpt/Vnyl/Poor-Fair | Type | FA (2) | Refrigerator | 2/Fair | ☐ None | Garage | ☐ |
| Walls | Sheetrock/Fair-Avg | Fuel | Gas | Range/oven | 2/Fair-Avg. | ☐ Stairs | Carport | ☐ |
| Trim/finish | Wood/Fair-Avg. | Condition | Fair | Disposal | 2/Fair-Avg. | ☐ Drop stair | Attached | 4 |
| Bath floor | Ceramic/Poor | Cooling | | Dishwasher | 2/Fair-Avg. | ☒ Scuttle | Detached | ☐ |
| Bath wainscot | Ceramic/Poor | Central | Yes (2) | Fan/hood | 2/Fair-Avg. | ☐ Floor | Adequate | ☒ |
| Doors | Hollow Core/Avg. | Other | No | Compactor | | ☐ Heated | Inadequate | ☐ |
| | | Condition | Fair | Washer/dryer | 2/Fair-Avg. | ☐ Finished | Offstreet | ☒ |
| Fireplace(s) | # 4 | | | Microwave | | ☐ Unfinished | None | ☐ |
| | | | | Intercom | | | | |

**COMMENTS**

Condition of the improvements, repairs needed, quality of construction, additional features, modernization, etc.: See Attached Addendum.

Depreciation (physical, functional, and external inadequacies, etc.): Physical depreciation is calculated using the effective age/remaining economic life method. No significant functional depreciation was noted. Slight external depreciaton is attributed to occasional train noise from the railroad railroad tracks located approximately .2 miles to the west of the subject.

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property: The interior of the unit located to the west is filled with trash and has a severe odor.

**VALUATION ANALYSIS**

| | | | |
|---|---|---|---|
| ESTIMATED SITE VALUE | | = $ | 80,000 |
| ESTIMATED REPRODUCTION COST-NEW OF IMPROVEMENTS: | | | |
| GLA: 2296 Sq. Ft. @ $ | 105.00 | = $ | 241,080 |
| Bsmnt Fin: 988 Sq. Ft. @ $ | 25.00 | = $ | 24,700 |
| Garages: 800 Sq. Ft. @ $ | 20.00 | = $ | 16,000 |
| Sq. Ft. @ $ | | = $ | |
| Sq. Ft. @ $ | | = $ | |
| Special Energy Efficient Items | | = $ | |
| Porches, Patios, etc. 2 Decks, 4 F/P's | | = $ | 16,000 |
| Total Estimated Cost New | | = $ | 297,780 |
| Less Depreciation: Physical 140,000; Functional; External 4,000 | | = $ | 144,000 |
| Depreciated Value of Improvements | | = $ | 153,780 |
| "As Is" Value of Site Improvements | | = $ | 6,000 |
| INDICATED VALUE BY COST APPROACH | | = $ | 239,780 |

Comments on Cost Approach (such as, source of cost estimate, site value, square foot calculation and, for HUD and VA, the estimated remaining economic life of the property): The Marshall and Swift Cost Service along with local cost data were utilized in the estimation of replacement cost. The Physical Depreciation is calculated using the effective age/economic life method. No significant functional depreciation was noted. Slight external depreciation is attributed to occasional train noise from the railroad railroad tracks located approximately .2 miles to the west of the subject.

# SMALL RESIDENTIAL INCOME APPRAISAL REPORT

212364

At least three rental comparables should be reported and analyzed in this section. The rental comparables should represent the most current rental information on properties as similar and proximate to the subject property as possible. (This comparison is based on current rental data, therefore, the rental comparables typically are not the same comparables used in the sales comparison analysis.) The appraisal report should assure the reader that the units and properties selected as comparables are comparable to the subject property (both the units and the overall property) and accurately represent the rental market for the subject property (unless otherwise stated within the report).

COMPARABLE RENTAL DATA

| ITEM | SUBJECT | COMPARABLE RENTAL NO. 1 | COMPARABLE RENTAL NO. 2 | COMPARABLE RENTAL NO. 3 |
|---|---|---|---|---|
| Address | 6000 West 106th Street Bloomington | 5924 West 106th Street Bloomington | 8610 Aldrich Avenue South Bloomington | 7402 Oaklawn Avenue S. Edina |
| Proximity to subject | | Same Block | 6 Miles Northeast | 4 Miles Northeast |
| Lease dates (if available) | N/A | N/A | N/A | N/A |
| Rent survey date | 01/2002 | 01/2002 | 04/12/2001 | 07/02/2001 |
| Data source | Inspection | Multiple Listing Service | Multiple Listing Service | Multiple Listing Service |
| Rent concessions | None Known | None Known | None Known | None Known |
| Description of property - units, design, appeal, age, vacancies and conditions | No. Units 2 No. Vac. 0<br>Yr. Blt.: 1970<br>Side X Side<br>1 Story<br>Average Location<br>Poor Condition | No. Units 2 No. Vac. 1 Yr. Blt. 1970<br>Side X Side<br>2 Story<br>Average Location<br>Good Condition | No. Units 2 No. Vac. 0 Yr. Blt. 1973<br>Side X Side<br>Split Entry<br>Interior Location<br>Average Condition | No. Units 2 No. Vac. 0 Yr. Blt. 1966<br>Side X Side<br>Split Level<br>Superior Location<br>Average Condition |

Individual unit breakdown

| | Subject Rm. Count Tot | Br | Ba | Size Sq. Ft. | No. 1 Tot | Br | Ba | Size Sq. Ft. | Total Monthly Rent | No. 2 Tot | Br | Ba | Size Sq. Ft. | Total Monthly Rent | No. 3 Tot | Br | Ba | Size Sq. Ft. | Total Monthly Rent |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit | 7 | 3 | 1.5 | 1802 | 6 | 3 | 1.5 | 1836 | 1,400 | 8 | 4 | 1.75 | 2268 | 1,600 | 7 | 2 | 1.5 | 2550 | 1,500 |
| Unit | 7 | 3 | 1.5 | 1802 | 6 | 3 | 1.5 | 1836 | Vacant | 8 | 4 | 1.75 | 2268 | 1,800 | 7 | 2 | 1.5 | 2550 | 1,500 |

| ITEM | SUBJECT | COMPARABLE RENTAL NO. 1 | COMPARABLE RENTAL NO. 2 | COMPARABLE RENTAL NO. 3 |
|---|---|---|---|---|
| Utilities, furniture, and amenities included in rent | Unfurnished<br>Water, sewer and trash removal are included in the rent. | Unfurnished<br>No utilities included. | Unfurnished<br>Water, sewer and trash removal are included in the rent. | Unfurnished<br>Water, sewer and trash removal are included in the rent. |
| Functional utility, basement, heating/cooling, project amenities, etc. | Average utility<br>Part Bsmt/320 U. SF<br>FA /C-Air<br>4 T.Und. Garages<br>2 Decks<br>4 Fireplaces | Average utility<br>Full Basement/Unfinished<br>FA/C-Air<br>4 Att. Garages<br>2 Decks<br>No Fireplace | Average utility<br>Full basement/Fully Finished<br>FA /C-Air<br>4 Att.Garage<br>2 Decks<br>2 Fireplaces | Average utility<br>Part basement/1300 Unf. SF<br>FA /C-Air<br>4 T.Und. Garages<br>2 Decks<br>2 Fireplaces |

Analysis of rental data and support for estimated market rents for the individual subject units (including the adjustments used, the adequacy of comparables, rental concessions, etc.)

The three rental comparables are rented at market rent and are representative of the subject market. Vacancies in this neighborhood will rent at market within 45 days. One side of the subject is not considered to be rentable do to its condition. The other side is considered to be is in fair condition. The exterior of the dwelling will most likely require immediate attention upon sale. The subject, in your appraisers opinion would most likely undergo extensive renovation after it was sold.
For Income analysis purposes, your appraiser has estimated the rents after renovations, applied the GRM multiplier and then deducted the expenses to the potential purchaser to arrive at an income approach valuation.

**Subject's rent schedule** The rent schedule reconciles the applicable indicated monthly market rents to the appropriate subject unit, and provides the estimated rents for the subject property. The appraiser must review the rent characteristics of the comparable sales to determine whether estimated rents should reflect actual or market rents. For example, if actual rents were available on the sales comparables and used to derive the gross rent multiplier (GRM), actual rents for the subject should be used. If market rents were used to construct the comparables' rents and derive the GRM, market rents should be used. The total gross estimated rent must represent rent characteristics consistent with the sales comparable data used to derive the GRM. The total gross estimated rent is not adjusted for vacancy.

| Unit | Leases: Lease Date Begin | End | No. Units Vacant | Actual Rents Per Unit Unfurnished | Furnished | Total Rents | Estimated Rents Per Unit Unfurnished | Furnished | Total Rents |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | N/A | $ | $ | $ N/A | $ 1,800 | $ | $ 1,800 |
| 1 | | | N/A | | | N/A | 1,500 | | 1,500 |
| | | | | | | | | | |
| 2 | | | 0 | | | $ 0 | | | $ 3,300 |

Other monthly income (itemize) None Known $

Vacancy: Actual last year N/A % Previous year N/A % Estimated: N/A % $ 0 Annually Total gross estimated rent $ 3,300

Utilities included in estimated rents: [ ] Electric [X] Water [X] Sewer [ ] Gas [ ] Oil [X] Trash collection [ ]

Comments on the rent schedule, actual rents, estimated rents (especially regarding differences between actual and estimated rents), utilities, etc.:
The estimated rents are based on an after renovation condition. The higher rent is based on one unit being in good condition after extensive renovation.

# SMALL RESIDENTIAL INCOME APPRAISAL REPORT

212364

The undersigned has recited three recent sales of properties most similar and proximate to the subject property and has described and analyzed these in this analysis. If there is a significant variation between the subject and comparable properties, the analysis includes a dollar adjustment reflecting the market reaction to those items or an explanation supported by the market data. If a significant item in the comparable property is superior to, or more favorable than, the subject property, a minus (-) adjustment is made, thus reducing the adjusted sales price of the comparable property. If a significant item in the comparable property is inferior to, or less favorable than, the subject property, a plus (+) adjustment is made, thus increasing the adjusted price of the comparable property. [(1) Sales Price ÷ Gross Monthly Rent]

## SALES COMPARISON ANALYSIS

| ITEM | SUBJECT | | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|---|
| Address | 6000 West 106th Street Bloomington | | 8610 Aldrich Avenue South Bloomington | | 15205 Buchanan Court Eden Prairie | | 7402 Oaklawn Avenue S Edina | |
| Proximity to subject | | | 6 Miles Northeast | | 7 Miles Northwest | | 4 Miles Northeast | |
| Sales price | $ | N/A | [X] Unf. [ ] Furn. $ | 329,900 | [X] Unf. [ ] Furn. $ | 340,000 | [X] Unf. [ ] Furn. $ | 364,770 |
| Sales price per GBA | $ | N/A | $ | 72.73 | $ | 103.03 | $ | 71.52 |
| Gross monthly rent | $ | 3,300 | $ | 3,200 | $ | N/A | $ | 3,000 |
| Gross mo. rent mult. (1) | | N/A | | 103.09 | | N/A | | 121.59 |
| Sales price per unit | $ | N/A | $ | 164,950 | $ | 170,000 | $ | 182,385 |
| Sales price per room | $ | N/A | $ | 20,619 | $ | 28,333 | $ | 26,055 |
| Data and/or Verification Sources | Inspection | | Multiple Listing Service County Records | | Multiple Listing Service County Records | | Multiple Listing Service County Records | |
| ADJUSTMENTS | DESCRIPTION | | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or financing concessions | | | Conv. Mortgage None | | Conv. Mortgage None | | Cont. For Deed None | |
| Date of sale/time | | | 04/12/2001 | | 10/22/2002 | | 08/30/2001 | |
| Location | Suburb./Near RRT | | Suburban/Infer. | 11,000 | Suburban/Sup. | -19,000 | Suburban/Super. | -29,000 |
| Leasehold/Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 17231 SF | | 17700 SF | -500 | 13068 SF +/- | 5,000 | 17000 SF +/- | |
| View | Typical | | Commercial | 2,500 | Cul-de-sac | -5,000 | Cul-de-sac | -5,000 |
| Design and appeal | 1 Story/SXS/Avg. | | Spl.Ent./SXS/Avg | | Spl.Ent./SXS/Avg | | Spl.Lev/SXS/Avg. | |
| Quality of construction | Average | | Average | | Average | | Average | |
| Age | 1970 | | 1973 | -3,000 | 1981 | -11,000 | 1966 | 4,000 |
| Condition | Poor to Fair | | Average | -85,000 | Average/Good | -100,000 | Average | -85,000 |
| Gross Building Area | 3,604 Sq. ft. | | 4536 Sq.ft. | -28,000 | 3300 +/- Sq.ft. | 9,000 | 5100+/- Sq.ft. | -45,000 |
| Unit breakdown (No. of units / Tot / Br / Ba / No. Vac.) | 30 | | | | | | | |
| | 1 / 7 / 3 / 1.5 / 0 | | 1 / 8 / 4 / 1.75 / 0 | -1,500 | 1 / 6 / 2 / 1.75 / 0 | -1,500 | 1 / 7 / 2 / 1.5 / 0 | |
| | 1 / 7 / 3 / 1.5 / 0 | | 1 / 8 / 4 / 1.75 / 0 | -1,500 | 1 / 6 / 2 / 1 / 0 | 3,000 | 1 / 7 / 2 / 1.5 / 0 | |
| Basement description | 320 Unfinished SF | | Fully Finished | -4,500 | Similar | | 1300 Unfin. SF | 19,500 |
| Functional utility | Average | | Average | | Average | | Average | |
| Heating/cooling | Gas FA C/Air | | Gas FA C/Air | | Gas FA C/Air | | Gas FA C/Air | |
| Parking on/off site | 4 Car T.Und. Gar | | 4 Car Att. Gar. | | 4 Car T.Und. Gar | | 4 Car T.Und. Gar | |
| Project amenities and fee (if applicable) | 2 Decks 4 Fireplaces N/A | | 2 Decks 2 Fireplaces N/A | 4,000 | 2 Decks No Fireplaces N/A | 8,000 | 2 Decks 2 Fireplaces N/A | 4,000 |
| Net Adj. (total) | | | [ ] + [X] - $ | 106,500 | [ ] + [X] - $ | 111,500 | [ ] + [X] - $ | 136,500 |
| Adj. sales price of comparables | | | Gross 42.9% Net -32.3% $ | 223,400 | Gross 47.5% Net -32.8% $ | 228,500 | Gross 52.5% Net -37.4% $ | 228,270 |

Comments on Sales Comparison (including reconciliation of all indicators of value as to consistency and relative strength and evaluation of the typical investor's/purchaser's motivation in that market): All sales are closed sales and were considered the best available. Your appraiser was forced to utilize sales outside of the subjects immediate neighborhood due to the lack of recent similar duplex style dwellings in the subjects immediate neighborhood. All 3 sales required location adjustments to compensate for differences in property values.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data Source for prior sales within year of appraisal | See Below | No other sales noted in the previous year. | No other sales noted in the previous year. | No other sales noted in the previous year |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal: No sales or listings of the subject were noted in the previous year.

## INC

Total gross monthly estimated rent $ 3,300 x gross rent multiplier (GRM) 105.00 = $ See Comm. INDICATED VALUE BY INCOME APPROACH

Comments on income approach (including expense ratios, if available, and reconciliation of the GRM) See Attached Addendum.

## RECONCILIATION

INDICATED VALUE BY SALES COMPARISON APPROACH $ 225,000

INDICATED VALUE BY INCOME APPROACH $ 226,500

INDICATED VALUE BY COST APPROACH $ 239,780

This appraisal is made [X] "as is" [ ] subject to the repairs, alterations, inspections or conditions listed below [ ] subject to completion per plans and specifications.

Comments and Conditions of Appraisal: See Attached Addendum.

Final Reconciliation: Most emphasis was placed on the Sales Comparison Approach to value. The Cost Approach and Income Approach were given supportive consideration.

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/Fannie Mae Form 1004B (Revised 6/93).

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF 01/08/2002 (WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $ 225,000.

| APPRAISER: | SUPERVISORY APPRAISER (ONLY IF REQUIRED): |
|---|---|
| Signature [signature] | Signature [ ] Did [ ] Did Not Inspect Property |
| Name John T. Holm | Name |
| Date Report Signed 02/08/2002 | Date Report Signed |
| State Certification # State | State Certification # State |
| Or State License# 20062350 State MN | Or State License # State |



Produced using Pictured Digital Solutions software 800 234 8727 www.pictureforms.com

The Appraisal Group, LTD

# ADDENDUM

| | | | |
|---|---|---|---|
| Borrower: N/A | | File No.: 212364 | |
| Property Address: 6000 West 106th Street | | Case No.: | |
| City: Bloomington | State: MN | | Zip: 55438 |
| Lender: Bernick & Lifson, PA | | | |

## Conditions of the Improvements

The subject is a side by side duplex style dwelling built in 1970. The dwelling was found to be constructed of average quality materials. The dwelling was found to be in poor to fair overall condition.

The dwelling contains two mirror units which were found to be in different condition.

The interior of the unit located on the west side was inspected only briefly as it was filled with trash and had a severe odor. Rooms in a few rooms were not accessible due to the trash My brief inspecion of this unit revealed garbage to say a 5 foot level with the floor exposed only by pathways through the garbage. The living room was filled with trash except for a pathway. The dining room was visible but not accessible as it was filled with trash. The kitchen had a pathway through the garbage with the counter tops stacked with used coffee grounds and filters along with other trash. The flooring that was visible was generally worn through to the sub floor. The interior of this unit is in need of the removal of several dumpsters of trash followed by a minimum of replacement of all flooring, interior painting and other miscellaneous updating. Please note that the unit is occupied, however it is my personal opinion that the unit is not fit for occupancy.

The interior of the unit located on the east side was found to be in fair to average overall condition with dated and worn carpeting along with loose and missing floor tiles in the bath room.

The mechanicals were all reportedly original with the excepion of the hot water heaters which are reportedly 4 to 5 years old.
The exterior of the dwelling is in need of a new roof which was hail damaged in 1998 and has not yet been replaced. Portions of the siding have also been hail damaged with other areas showing holes and rotting with the framing of the dwelling exposed on the west side of the home. The dwelling also has some rotted and reportedly leaking windows.

Comments on income approach
The GRM utilized is within the range of the comparable sales and is supported by the subject market. The estimated rents, as explained previously, s based on an after renovation. The renovation expenses that a typical purchaser would most likely after sale are estimated to be

| | |
|---|---|
| -New roof, siding and replacement of some windows | $30,000 |
| -2 New furnaces | $5,000 |
| -Updating unit in fair condition to average condition | $5,000 |
| -Interior renovation and clean up of unit in poor condition | $50,000 |
| -Lost rents and expected return on investment for renovation costs | $30,000 |
| Total | 120,000 |

| | |
|---|---|
| Total gross monthly estimated rent | $3,300 |
| Gross Rent Multiplier | X 105 |
| Indicated value after renovation | 346,500 |
| Estimated cost of renovations | - 120,000 |
| Indicated value "as is" | $226,500 |

## Conditions of Appraisal

This appraisal is based on the "as is" condition of the subject. No personal property items were included in the estimate of market value.

The purpose of this appraisal is to estimate the market value of the property as defined herein.

This appraisal report or statement of appraised value has been prepared solely for the use of the client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the Appraiser's judgment.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

File No. 212364

**APPRAISERS CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to, or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:** If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

**ADDRESS OF PROPERTY APPRAISED:** 6000 West 106th Street, Bloomington, MN 55438

| **APPRAISER:** | **SUPERVISORY APPRAISER (only if required)** |
| --- | --- |
| Signature: [signature] | Signature: |
| Name: John T. Holm | Name: |
| Date Signed: 02/08/2002 | Date Signed: |
| State Certification #: | State Certification #: |
| or State License #: 20062350 | or State License #: |
| State: MN | State: |
| Expiration Date of Certification or License: 08/31/03 | Expiration Date of Certification or License: |
| | ☐ Did ☐ Did Not Inspect Property |

| | | |
|---|---|---|
| Borrower N/A | | File 212364 |
| Property Address 5000 West 106th Street | | Case No. |
| City Bloomington | State MN | Zip 55436 |
| Lender Bernick & Lifson, PA | | |



FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date January 8, 2002
Appraised Value $ 225,000



REAR VIEW OF
SUBJECT PROPERTY



STREET SCENE

| | | | |
|---|---|---|---|
| Borrower N/A | | File 212364 | |
| Property Address 6000 West 106th Street | | Case No | |
| City Bloomington | State MN | | Zip 55438 |
| Lender Bernick & Lifson, PA | | | |



**COMPARABLE SALE #1**

8610 Aldrich Avenue South
Bloomington
Sale Date 04/12/2001
Sale Price: $ 329 900



**COMPARABLE SALE #2**

15205 Buchanan Court
Eden Prairie
Sale Date 10/22/2002
Sale Price $ 340 000



**COMPARABLE SALE #3**

7402 Oaklawn Avenue S
Edina
Sale Date 08/30/2001
Sale Price $ 364 77[illegible]

# DIMENSION LIST ADDENDUM

Borrower: N/A | File No.: 212364
Property Address: 6000 West 106th Street | Case No.:
City: Bloomington | State: MN | Zip: 55438
Lender: Bernick & Lifson, PA

**GROSS BUILDING AREA (GBA)** 4,404
**GROSS LIVING AREA (GLA)** 2,296

| Area(s) | Area | % of GBA |
|---|---|---|
| Living | 2,296 | 52.13 |
| Level 1 | 2,296 | 52.13 |
| Level 2 | | |
| Level 3 | | |
| Other | | |
| Basement | 1,308 | 29.70 |
| Garage | 800 | 18.17 |

| Area Measurements | | | | Area Type | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Measurements | | Factor | Total | Level 1 | Level 2 | Level 3 | Other | Bsmt. | Garage |
| 31.00 | 16.00 | 1.00 | 496.00 | X | | | | | |
| 30.00 | 4.00 | 1.00 | 120.00 | X | | | | | |
| 58.00 | 28.00 | 1.00 | 1,624.00 | X | | | | | |
| 16.00 | 1.00 | 1.00 | 16.00 | X | | | | | |
| 20.00 | 2.00 | 1.00 | 40.00 | X | | | | | |
| 20.00 | 20.00 | 1.00 | 400.00 | | | | | | X |
| 38.00 | 18.00 | 1.00 | 684.00 | | | | | X | |
| 78.00 | 8.00 | 1.00 | 624.00 | | | | | X | |
| 20.00 | 20.00 | 1.00 | 400.00 | | | | | | X |

# FLOORPLAN

| | |
|---|---|
| Borrower: N/A | File No.: 212364 |
| Property Address: 6000 West 106th Street | Case No.: |
| City: Bloomington | State: MN Zip: 55438 |
| Lender: Bernick & Lifson, PA | |




Sketch by Apex IV Windows™

**AREA CALCULATIONS SUMMARY**

| Code | Description | Size | Totals |
|---|---|---|---|
| GLA1 | First Floor | 2296.00 | 2296.00 |
| BSMT | Basement | 1308.00 | 1308.00 |
| GAR | Garage | 400.00 | |
| | Garage | 400.00 | 800.00 |
| | TOTAL LIVABLE (rounded) | | 2296 |

**LIVING AREA BREAKDOWN**

| Breakdown | Subtotals |
|---|---|
| First Floor | |
| 16.0 x 31.0 | 496.00 |
| 4.0 x 30.0 | 120.00 |
| 28.0 x 58.0 | 1624.00 |
| 1.0 x 16.0 | 16.00 |
| 2.0 x 20.0 | 40.00 |
| 5 Areas Total (rounded) | 2296 |

## LOCATION MAP

| | |
|---|---|
| Borrower: N/A | File No.: 212364 |
| Property Address: 6000 West 106th Street | Case No.: |
| City: Bloomington | State: MN Zip: 55438 |
| Lender: Bernick & Lifson, PA | |



# QUALIFICATIONS OF JOHN T. HOLM

## BIOGRAPHICAL DATA AND EDUCATION

John T. Holm was born in Bloomington, Minnesota. Graduated from Lincoln Senior High School in 1979 and received a Bachelor of Science Degree in Business Administration from the University of Wisconsin-River Falls in 1985. Additional Appraisal Courses include

*Society of Real Estate Appraisers*
- Appraising Residential Property (Course 101, 1988)
- Applied Residential Appraisal Valuation (Course 102, 1989)
- Principles of Income Property Appraising (Course 201, 1990)
- Professional Practice (1990)

*The Appraisal Institute*
- Advanced Applications Course 550 (1993)
- Understanding Local HUD/FHA Residential Requirements (1994)

*The Appraisal Education Network*
- The HUD 203K Rehabilitation or Home Mortgage Seminar (1995)
- The Complete Home Inspection and the Appraiser (199?)

*Prosource*
- How to perform FHA Appraisals with HUD Guidelines (1996)
- Appraisal 205R-Regulatory and Legal Update (1997)
- Basic Financial Training (1998)
- Real Estate Negotiations (1999)
- USPAP (1999)
- A Short Course on 1999 Income Tax (1998)
- Basic Financial Training (1998)
- Houses: Be Your Own Remodeling Contractor (1999)
- Houses: 20 Cost Effective Improvements (1999)
- Win Win Real Estate Negotiations (1999)

## PROFESSIONAL EXPERIENCE

The Appraisal of a variety of residential and income producing property.

- The Appraisal Group, LTD, 1996 to present. Staff Appraiser.
- Ray Brower Associates, 1992 to 1996. Staff Appraiser.
- Kenneth Herbert, SRPA, SRA, 1988-1992. Staff Appraiser

## APPROVED APPRAISAL CLIENTS

PNC Mortgage Corporation, United Companies Lending Group, United Companies Funding Incorporated, Colonial Mortgage Company, Lakeland Mortgage Corporation, Crossland Mortgage Corporation, Flagstar Bank, Citicorp Mortgage Incorporated, FSI Mortgage Heartland Mortgage.

## LICENSE

Licensed as a real estate appraiser ( Certified Residential Real Property Appraiser. License No. 20062350) in the State of Minnesota.

## CERTIFICATION

John T. Holm certifies that, to the best of his knowledge and belief, the reported analyses and conclusions were developed, and his report has been prepared, in conformity with the Uniform Standard of Professional Appraisal Practice and the Code of Professional Ethics and the Standards of Professional Appraisal Practice of the Appraisal Institute. I certify that the use of this report is subject to the requirements of the Appraisal Institute related to review by its duly authorized representatives. As of the date of this report, John T Holm has completed the requirements of the continuing education for the licensing. I certify that I have the necessary education, experience and knowledge to competently complete this assignment.

State of Minnesota
Department of Commerce
85 - 7th Place East, Suite 600
St. Paul, MN 55101-3165

Department of Commerce Licensing Division
Telephone: (651) 296-6319 or (800) 657-3978
E-mail address: licensing.commerce@state.mn.us
Website address: commerce.state.mn.us

**Certified Residential Real Property Appraiser License**

Legal Name: JOHN THOMAS HOLM
Address: 6301 JAMES AVE S
RICHFIELD, MN 55423

Company Affiliation:
HOLM APPRAISALS
6301 JAMES AVE S
RICHFIELD, MN 55423

A person licensed in this category can perform appraisals for federally-related transactions

A person licensed in this category may appraise residential or agricultural property without regard to transaction value or complexity.

License Identification Number: AR- 20062350
License Expiration Date: 8/31/2003
Continuing Education: 30 credits due by license expiration date

Decatur Business Center, 701 Decatur Avenue North, Suite 205B, Golden Valley, MN 55305 (763) 545-0690 Fax (763) 543-3880