**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**UNITED STATES OF AMERICA**

Civil No. 01-1536 (JEL/JGL)

Plaintiff,

v.

**REPORT AND RECOMMENDATION**

**JEFFREY A. MUNGER, VICTORIA L. MUNGER, and BRUCE K. HOYT,**

Defendants.

---

APPEARANCES

Katja M. Eichinger, Esq., appeared telephonically for Plaintiff.

Neal J. Shapiro, Esq., appeared for Defendants Jeffrey and Victoria Munger.

---

A hearing was held on March 3, 2003, before United States Chief Magistrate Judge Jonathan Lebedoff on the United States' Motion for Order Precluding Testimony for Victoria Munger's Failure to Appear at Her Deposition and for Sanctions (Doc. No. 52) and the United States' Motion for Additional Costs Relating to Its Motion for Order Precluding Testimony for Victoria Munger's Failure to Appear at Her Deposition and for Sanctions (Doc. No. 55). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

This Report and Recommendation addresses the Government's Motion for Order Precluding Testimony (Doc. No. 52). The remainder of

FILED MAR 1 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Government's Motion, which seeks monetary sanctions, is addressed in the accompanying March 10, 2003 Order.

## I. BACKGROUND

Plaintiff United States filed suit against Defendants Victoria L. Munger, Jeffrey Munger, and Bruce K. Hoyt to set aside an allegedly fraudulent conveyance of real property, to foreclose federal tax liens against real property, and to obtain sale of the real property with the proceeds to be applied towards the outstanding federal tax liabilities of the Munger Defendants. The parties have stipulated to entry of judgment against Jeffrey Munger for the income tax liabilities at issue. The remaining issue at trial is whether the Government can foreclose on the Mungers' real property.

The deposition of Victoria Munger was originally scheduled for December 12, 2002. Ms. Munger's counsel, Mr. Neal Shapiro, Esq., appeared at the scheduled deposition to inform Government counsel that Ms. Munger would not be able to attend the deposition. At a Rule 37.1 conference on December 16, 2002, Mr. Shapiro agreed to a January 9, 2003 deposition date for Ms. Munger. After the Rule 37.10 conference, the Government brought two motions to compel the Mungers to produce discovery.

At the January 8, 2003 hearing on the Government's discovery motions, Mr. Shapiro indicated that he had not received the Notice of Taking the Deposition of Victoria Munger for the next day. The Court granted the Government's discovery motions, ordering the Defendants to pay costs and

ordering Ms. Munger to appear for her deposition. Specifically, this Court ordered Victoria Munger to appear for her deposition on January 9, 2003 or within 30 days thereafter. This Court further ruled that any failure to comply with the Order would allow the Government to move the Court for a Report and Recommendation for default judgment against the Defendants.

After the January 8, 2003, hearing, Mr. Shapiro informed Government's counsel that Ms. Munger would not appear at the January 9, 2003, deposition. The Government subsequently scheduled Ms. Munger's deposition for January 30, 2003, to be taken by video conference. Ms. Munger objected to the taking of the deposition by video conference and further requested that the deposition be scheduled for the afternoon, rather than the morning. Accordingly, Government counsel rescheduled the deposition for 1:00 p.m. and flew to Minneapolis to take the January 30 deposition in person. Upon arrival in Minneapolis, Government counsel received a telephone call from Mr. Shapiro who explained that Ms. Munger would not appear for the deposition. This Court held a conference in chambers on the morning of January 30, 2003, to address the deposition dispute. At that time, the Court ordered Ms. Munger to appear in person on January 30, 2003, at 1:00 p.m. Ms. Munger did not appear for the January 30, 2003 deposition.

On January 31, 2003, Mr. Shapiro informed Government counsel that Ms. Munger would be available to appear for her deposition on February 6, 2003, by video conference. The Government scheduled the deposition

accordingly. Approximately one hour before the deposition was scheduled to begin, Government counsel received a call from Mr. Shapiro, informing her that Ms. Munger would not be able to attend the deposition.

On March 3, 2003, the Government moved this Court to order Ms. Munger to pay the Government's reasonable expenses incurred because of Ms. Munger's failure to appear for her deposition and for reasonable costs incurred in filing the motion, totaling $2773.98. The Government further moved the Court to preclude Ms. Munger from offering testimony at trial.

At the motion hearing, Ms. Munger's counsel argued that Ms. Munger has a mental disability which makes it difficult for her to leave her home. Counsel argued that he has now offered to make Ms. Munger available for a deposition by telephone to accommodate her mental condition. In response, the Government argued that it has received no evidence that Ms. Munger suffers from a mental disability or even that she has ever seen or been diagnosed by a doctor for one. Although Mr. Shapiro has offered the opinion that she suffers from this disability, the Government notes that Mr. Shapiro is not medically trained, nor has he ever even met Ms. Munger in person.

## II. ANALYSIS

Federal Rule of Civil Procedure 37 permits the Court to sanction any party who fails to obey an order to permit discovery. Fed.R.Civ.P.37(b)(2). As a sanction, the Court may refuse to allow the disobedient party to introduce matters into evidence. Fed.R.Civ.P.37(b)(2)(B).

This Court is sensitive to the allegations of Ms. Munger's mental condition, but it has not been provided with any medical substantiation of a disability that would preclude her from presenting herself for a deposition as noticed and ordered. Nor has the Court received any indication from Ms. Munger that she will be obtaining medical assistance or corroborative evidence of a disability in the near future. The Government is entitled to see Ms. Munger testify in a deposition prior to trial, and it has been reasonable and accommodating in attempting to obtain her deposition. Whatever the cause, this Court cannot condone such flagrant violations of discovery procedures and Court orders. Accordingly, this Court recommends that the Government's Motion for Order Precluding Testimony for Victoria Munger's Failure to Appear at Her Deposition be granted.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that United States' Motion for Order Precluding Testimony for Victoria Munger's Failure to Appear at Her Deposition (Doc. No. 52) be **GRANTED.**

Dated: March 10, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by March 27, 2003, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.