ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEFFREY A. MUNGER et al.

Defendants.

Civil No. 01-CV-1536

**ORDER OF SALE**

Pursuant to 28 U.S.C. §§ 2001 and 2002, the Court enters this Order of Sale directing the sale of certain real property, described below, in which defendants, Jeffrey A. Munger and Victoria L. Munger, have an interest, and which is located in Hennepin County, Minnesota.

On October 20, 2003, the Court entered an Order granting summary judgment in favor of the United States foreclosing federal tax liens against the property interest of defendant, Jeffrey A. Munger.[1]

IT IS ORDERED that the Internal Revenue Service (hereinafter referred to as "IRS" and including its authorized agents or officers) is authorized and directed, under 28 U.S.C. §§ 2001 and 2002, to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, the real property in which Jeffrey A. Munger and Victoria L. Munger

[1] In a separate judgment entered June 16, 2003, the Court granted monetary judgment in the amount of 233,585.71 plus additional interest accruing after August 20, 2001.

have an interest, such property located at 6000 and 6002 W. 106th St., Bloomington, Minnesota, also described as:

> Lot Three (3), Block One (1), Stagecoach Hill Addition, Hennepin County, Minnesota

IT IS FURTHER ORDERED that this Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

IT IS FURTHER ORDERED that this sale of real property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

IT IS FURTHER ORDERED that the real property described above shall be sold pursuant to the terms and conditions set forth in this Order and as follows:

1. The Internal Revenue Service ( hereafter referred to as "IRS"and includes its agents or officers), is authorized and directed under 28 U.S.C. § 2001, 2002 and 2004 to offer for public sale and to sell the subject property subject to approval of the Court.

2. The IRS is authorized to have free access to the Property until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

   a. the sale of the property shall be free and clear of the interests of Jeffrey A. Munger and Victoria L. Munger;

   b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. the sale shall be held either at the federal courthouse of the judicial district in which the Property is located, at the office of the IRS or on the Property's premises;

d. the date and time for sale are to be announced by the IRS. The IRS is permitted to enter the premises and prospective buyers shall be allowed to inspect the interior and exterior of the property at such time as the IRS shall determine is reasonable and convenient;

e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Hennepin County, and at the discretion of the IRS, by any means deemed appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

f. the minimum bid shall be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary;

g. the successful bidder(s) shall be required to deposit with the IRS $10,000 by certified or cashier's check or cash payable to the United States District Court for the District of Minnesota, immediately upon the property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the payment required by this order of sale;

h. the balance of the sale price shall be tendered to the IRS by certified funds, payable as indicated above, no later than thirty (30) days after the sale is confirmed by the Court;

i. if the bidder fails to pay the sales price in full, the realty shall be again offered for sale by the IRS without further permission of this Court, under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash; and

j. the sale of the property shall be subject to the confirmation by this Court. On confirmation of the sale, all interests in, liens against, or claims to the property that are held or asserted by all parties to this action are discharged and extinguished.

k. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the property is sold, Jeffrey A. Munger and Victoria L. Munger, shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect adversely the value of the property or that may tend to deter or

discourage potential bidders from participating in the public auction, nor shall they permit or cause anyone else to do so.

5. All persons occupying the property shall leave and vacate the property permanently within 30 days from the receipt of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the IRS will coordinate with the United States Marshal for the District of Minnesota and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the IRS will coordinate with the United States Marshal and his deputies to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the following manner:

1. To the IRS for the Administrative costs of the sale of the property;

2. To Hennepin County for real estate taxes due and owing and any other fees with respect to the real property;

3. Victoria L. Munger for her Fifty percent (50%) interest in the remaining balance as joint tenant; and

4. To the United States Department of Justice to be applied to the outstanding federal tax liabilities of Jeffrey A. Munger.

IT IS SO ORDERED.

Dated: September 13, 2004

JOAN N. ERICKSEN
United States District Judge